# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mitchell M.,**
**Petitioner Below, Petitioner**

**FILED**

**August 25, 2017**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0885** (Raleigh County 16-C-527-K)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mitchell M.,[1] pro se, appeals the August 22, 2016, order of the Circuit Court of Raleigh County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of sexual offenses against his disabled stepdaughter, first, following a jury trial in Fayette County in 2005 and, second, following the entry of his guilty pleas in Raleigh County in 2006. The victim was born in 1983, and petitioner married her mother in 1986. Although a divorce occurred in 1995, petitioner continued to see the victim. In a November 14, 2003, statement to the West Virginia State Police, petitioner admitted to numerous sexual

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

offenses against the victim in both Fayette and Raleigh Counties during the time that the victim was a minor.[2]

Petitioner sought review of his Fayette County convictions before this Court in Case No. 052157; however, this Court refused his appeal.[3] At an October 16, 2006, hearing in petitioner's Raleigh County case, the parties entered into a plea agreement pursuant to which petitioner agreed to plead guilty to nine of the thirty-three counts of that indictment: two counts of incest pursuant to West Virginia Code § 61-8-12, one count of first-degree sexual assault pursuant to West Virginia Code § 61-8B-3, two counts of first-degree sexual abuse pursuant to West Virginia Code § 61-8B-7, one count of second-degree sexual assault pursuant to West Virginia Code § 61-8B-4, and three counts of sexual abuse by a custodian pursuant to West Virginia Code § 61-8D-5(a). The plea agreement provided that all of petitioner's Raleigh County sentences would be served concurrently with each other and with petitioner's aggregate sentence of forty to eighty years of incarceration in the Fayette County case, with the exception of his sentence for first-degree sexual assault. The plea agreement provided that petitioner's sentence for first-degree sexual assault would be served consecutive to all of his other sentences.

During petitioner's plea colloquy,[4] the Circuit Court of Raleigh County inquired whether petitioner understood that "this proposed sentence is more or less a life sentence." Petitioner answered "yes" and also indicated that he discussed the plea agreement with his attorney. The circuit court questioned whether petitioner and his attorney discussed the indictment, and petitioner responded that they did. Petitioner further responded that his attorney did "everything reasonably possible" to represent him in this case and that he did not have any complaints about his attorney's performance. Petitioner answered "no" to the question of whether "anybody put pressure on [him] to force [him] to enter these pleas." Based on petitioner's representations and responses, the circuit court found that petitioner "freely, voluntarily, intelligently, knowingly[,] and understandingly" entered his guilty pleas to the nine counts at issue and that he did so competently and understandingly of "all of the ramifications of his actions in regard to this proceeding."

The circuit court further found that there was a factual basis for petitioner's guilty pleas. With regard to the State's proffer of evidence, petitioner disagreed that the victim was as young as five years old when he began molesting her. Consequently, the circuit court specifically questioned petitioner whether he agreed that the victim was "eleven [years old] or . . . younger than eleven [years old] whenever all of this business started." Petitioner answered, "Yes, Your Honor." The circuit court found that "the record is clear that all of the elements for all the counts are now

---

[2]Petitioner gave contradictory answers as to how old the victim was when he began molesting her and as to how long the abuse continued.

[3]We take judicial notice of the record in No. 052157, which includes petitioner's November 14, 2003, police statement.

[4]*See Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975).

2

satisfied." Thereafter, the circuit court imposed sentences as outlined by the State in its explanation of the plea agreement. Given petitioner's sentences in both Raleigh and Fayette Counties, he is serving an aggregate term of 55 to 115 years of incarceration. Petitioner did not appeal his convictions in his Raleigh County case.

In 2016, petitioner requested a copy of the Raleigh County record because he wanted to file a petition for a writ of habeas corpus. The circuit court found that the record was mailed to petitioner on March 1, 2016. Petitioner filed his habeas petition and a motion for appointment of counsel on August 10, 2016. However, according to petitioner, he did not receive the hearing transcripts until after the circuit court denied his habeas petition by order entered on August 22, 2016.[5] The circuit court found that petitioner's request for the record was honored because it was mailed to him. The circuit court further found that it was unnecessary to appoint an attorney for petitioner because he "very clearly articulated his arguments in the [p]etition[.]"

As to petitioner's substantive claims, the circuit court first rejected his contention that the State improperly presented evidence to the grand jury through the testimony only of the investigating officer; the circuit court found that the practice was not contrary to West Virginia law.[6] Next, the circuit court grouped petitioner's claims of ineffective assistance of trial counsel together and found that they were contradicted by his testimony at the October 16, 2006, hearing, where he testified that he was satisfied with his attorney and that the attorney did everything reasonable to represent him. The circuit court further found that many of the alleged issues that underlay petitioner's ineffective assistance claims were resolved by his knowing and intelligent decision to plead guilty, which waived most of his constitutional rights and any "pre-trial defects."[7] Finally, the circuit court noted that, while petitioner raised numerous challenges to the adequacy of the indictment, the indictment was valid on its face. The circuit court explained that the indictment set forth the charges in "separate counts" and had "all" information required by law.

_____

[5]In addition to the transcript of the October 16, 2006, hearing, there is a transcript of a prior hearing on July 18, 2006, at which the State informed the circuit court that another hearing would be scheduled. Although petitioner requested the July 18, 2006, transcript, he bases no argument on that transcript.

[6]*See State v. David D.W.*, 214 W.Va. 167, 172, 588 S.E.2d 156, 161 (2003) (per curiam) (rejecting an assignment of error alleging that it was improper for the grand jury to indict the defendant based solely on the investigating officer's interpretation of witness statements), disapproved of on other grounds by *State v. Slater*, 222 W.Va. 499, 507-08 and n.11 665 S.E.2d 674, 682-83 and n.11 (2008).

[7]*See State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring) (stating that, "in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences") (Footnote omitted.); *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 77, 404 S.E.2d 763, 768 (1991) (finding that a defendant "waives significant constitutional rights by entering into a plea agreement").

Petitioner now appeals the circuit court's August 22, 2016, order denying his habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner contends that the circuit court made findings insufficient to support its denial of habeas relief regarding his various claims alleging ineffective assistance of counsel and a defective indictment. Petitioner further contends that his ineffective assistance claims entitled him to appointment of counsel and an evidentiary hearing. With regard to this last contention, petitioner asserts that he was prejudiced by the fact that he did not receive the transcript of the October 16, 2006, hearing in his Raleigh County case until after the circuit court denied his habeas petition. Because petitioner's assignments of error are interrelated, we address them together.

As a preliminary matter, to the extent that petitioner objects to the circuit court's grouping related claims together, we concern ourselves not with the manner in which an order was drafted, "but with whether the findings adopted by the circuit court accurately reflect the existing law and the trial record." *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 214, 470 S.E.2d 162, 168 (1996). We reject petitioner's contention that the circuit court's findings were insufficient to support its denial of habeas relief regarding his various claims alleging a defective indictment and ineffective assistance.

First, we find that the circuit court properly rejected petitioner's ineffective assistance claims. In syllabus point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), we held as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

At the October 16, 2006, plea and sentencing hearing, petitioner testified that he was satisfied with his attorney and that the attorney did everything reasonable to represent him. That hearing transcript also reflects that the plea agreement negotiated by counsel benefited petitioner because it resulted in petitioner's conviction on only nine of the thirty-three counts of the Raleigh County indictment. Moreover, in light of the plea agreement, the State proposed (and the circuit court imposed) a sentencing arrangement whereby petitioner is serving all but one of his Raleigh County

4

sentences concurrently with his sentences from Fayette County. Therefore, petitioner's aggregate term of incarceration increased only by a single sentence as a result of his Raleigh County convictions. While petitioner complains that he is still serving an effective life sentence, the hearing transcript reflects that the circuit court informed him that the plea agreement negotiated by counsel would result in such a sentence and, being so informed, petitioner still pled guilty. Accordingly, we conclude that the circuit court properly determined that petitioner's ineffective assistance claims were contradicted by his testimony at the October 16, 2006, hearing.

Second, we find that the circuit court properly determined that the indictment was valid on its face. In syllabus points 1 and 2 of *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996), this Court held as follows:

> 1. Rule 12(b)(2) of the West Virginia Rules of Criminal Procedure requires that a defendant must raise any objection to an indictment prior to trial. Although a challenge to a defective indictment is never waived, this Court literally will construe an indictment in favor of validity where a defendant fails timely to challenge its sufficiency. Without [an] objection, the indictment should be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense under West Virginia law or for which the defendant was convicted.

> 2. Generally, the sufficiency of an indictment is reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations.

Moreover, West Virginia Code § 62-2-10 provides that "[n]o indictment or other accusation shall be quashed or deemed invalid . . . for omitting to state, or stating imperfectly, the time at which the offense was committed, when time is not of the essence of the offense[.]"

Though petitioner contends that the indictment contained counts that did not allow him to ascertain the date, time, and manner of his alleged criminal conduct, we reject such arguments as we have done in prior cases. For example, in *State v. David D.W.*, 214 W.Va. 167, 171-72, 588 S.E.2d 156, 160-61 (2003) (per curiam), *disapproved of on other grounds by State v. Slater*, 222 W.Va. 499, 507-08 and n.11 665 S.E.2d 674, 682-83 and n.11 (2008), the defendant was convicted of numerous counts of first degree sexual assault, incest, sexual abuse by a parent, and first degree sexual abuse. The defendant claimed that the indictment returned by the grand jury was insufficient because the number of charges was determined arbitrarily. *Id.* at 172, 588 S.E.2d at 161. We reiterated that "[a]n indictment for a statutory offense is sufficient if, in charging the offense, it substantially follows the language of the statute, fully informs the accused of the particular offense with which he is charged and enables the court to determine the statute on which the charge is based." *Id.* at 172-73, 588 S.E.2d at 161-62 (quoting Syl. Pt. 3, *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43 (1983)). We, accordingly, found that the indictment in *David D.W.* was sufficient. *Id.* In the instant case, the underlying criminal charges are substantially similar—as are the grounds raised in petitioner's habeas petition—and the indictment substantially followed the language of the statutes under which petitioner was charged.

5

Petitioner makes additional arguments that certain counts of the indictment, to which he pled guilty, failed to allege the required elements. We disagree. With regard to first-degree sexual assault and first-degree sexual abuse, we find that, by alleging that the victim "was eleven years old or less" at the time of the offenses, those counts properly charged petitioner with offenses under the versions of West Virginia Code § 61-8B-3 and West Virginia Code § 61-8B-7 then in effect. With regard to sexual abuse by a custodian, petitioner contends that the indictment fails to allege that he was a custodian whose age exceeded the age of the victim by more than four years. Petitioner correctly argues that West Virginia Code § 61-8D-5(d) provides that West Virginia Code § 61-8D-5(a) does not apply to a custodian "whose age exceeds the age of the child by less than four years." However, we find that the indictment did not need to include West Virginia Code § 61-8D-5(d)'s language because it is a limitation on West Virginia Code § 61-8D-5(a)'s scope rather than an element of the offense. Accordingly, we conclude that the circuit court properly rejected petitioner's claims that the indictment was defective.

Finally, we find that the circuit court properly determined that appointment of counsel was unnecessary in petitioner's habeas action. In contending that appointment of counsel was required pursuant to the United States Constitution, petitioner relies on the decision of the Supreme Court of the United States in *Martinez v. Ryan*, 566 U.S. 1 (2012). However, in *Martinez*, the Supreme Court reiterated that, as a matter of constitutional law, "there is no right to counsel in collateral proceedings." *Id.* at 9. The Supreme Court in *Martinez* addressed whether a *procedural* rule, known as the doctrine of procedural default, barred a state prisoner from asserting the claim of ineffective assistance of trial counsel in a federal habeas proceeding after his habeas attorney failed to raised it in the earlier state proceeding. *Id.* at 4-5. As the Supreme Court's decision in *Martinez* did not hold that appointment of counsel was required in habeas proceedings, we find that petitioner's reliance on that decision is misplaced.

In response to petitioner's arguments, respondent asserts that the circuit court properly denied petitioner's habeas petition without a hearing or the appointment of counsel. We agree. In syllabus point 1 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), we held as follows:

> A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

The record contains the indictment and the transcript of the October 16, 2006, hearing, at which petitioner voluntarily and knowingly pled guilty after the terms of the plea agreement were spread upon the record. Therefore, we find that the record was sufficient to allow the circuit court to dispose of petitioner's claims without a hearing or the appointment of counsel. We further find that petitioner was not prejudiced by the fact that he did not receive the October 16, 2006, hearing transcript until after the circuit court denied his habeas petition because the transcript does not support his claims for relief. Accordingly, we conclude that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm the circuit court's August 22, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** August 25, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

7